UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEDERO SANDERS,<br>*Plaintiff*<br><br>VERSUS<br><br>WEEKS MARINE, INC.,<br>*Defendant* | CIVIL ACTION NO. 2:23-CV-07317<br><br>SECTION: M; DIVISION: 1<br><br>JUDGE: ASHE<br><br>MAGISTRATE: DOSSIER |

**WEEKS MARINE, INC.'S WITNESS AND EXHIBIT LIST**

**NOW INTO COURT**, through undersigned counsel, come Defendant, Weeks Marine, Inc. ("Weeks Marine"), who, pursuant to the Court's Scheduling Order [R. Doc. 18], provides the below preliminary Witness and Exhibit List:

**WITNESS LIST**

Defendant may call the following witnesses at trial:

1. Plaintiff, Pedero Sanders
c/o Counsel of Record
Fact Witness: may testify regarding the facts concerning Plaintiff's alleged incident, his work as a general fill placer and/or foreman, his work assignments, his job tasks, his training, his education, his experience, his employment history, the longshore benefits he received, maintenance and cure benefits received, if any, his ability to return to work, his medical treatment including his diagnosis and prognosis, and any other relevant topics.

2. Jamie Gates
General Fill Placer/Foreman
Employee of Weeks Marine
Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, Gates' work and work assignments, Plaintiff's work and work assignments, Plaintiff's shoreside work, Weeks Marine's policies and procedures relating to safety and situational awareness, Weeks Marine's training, routine tasks of shoreside employees, stop work authority, and any other relevant topics.

3. Dennis "Clay" Johnson
Superintendent
Employee of Weeks Marine
Fact Witness: may testify regarding the facts leading up to and following

Plaintiff's alleged incident, Johnson's work and work assignments, Plaintiff's work and work assignments, Plaintiff's shoreside work, Weeks Marine's policies and procedures relating to safety and situational awareness, Weeks Marine's training, routine tasks of shoreside employees, stop work authority, and any other relevant topics.

4. Donny McLeod
Equipment Operator
Current Employee of Weeks Marine
Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, McLeod's work and work assignments, Plaintiff's work and work assignments, Plaintiff's shoreside work, Weeks Marine's policies and procedures relating to safety and situational awareness, Weeks Marine's training, routine tasks of shoreside employees, stop work authority, and any other relevant topics.

5. Jacob "Tyler" Todd
Superintendent
Current Employee of Weeks Marine
Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, Todd's work and work assignments, Plaintiff's work and work assignments, Plaintiff's shoreside work, Weeks Marine's policies and procedures relating to safety and situational awareness, Weeks Marine's training, routine tasks of shoreside employees, stop work authority, and any other relevant topics.

6. Tim White
Assistant Fill Placer
Current Employee of Weeks Marine
Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, White's work and work assignments, Plaintiff's work and work assignments, Plaintiff's shoreside work, Weeks Marine's policies and procedures relating to safety and situational awareness, Weeks Marine's training, routine tasks of shoreside employees, stop work authority, and any other relevant topics.

7. Anthony A. Murray
Assistant Fill Placer
Current Employee of Weeks Marine
Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, Murray's work and work assignments, Plaintiff's work and work assignments, Plaintiff's shoreside work, Weeks Marine's policies and procedures relating to safety and situational awareness, Weeks Marine's training, routine tasks of shoreside employees, stop work authority, and any other relevant topics.

8. Michael Gokey
Site Safety and Health Officer
Current Employee of Weeks Marine
Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, Plaintiff's work and work assignments, Plaintiff's shoreside work, Weeks Marine's policies and procedures relating to safety and situational awareness, Weeks Marine's training, routine tasks of shoreside employees, stop work authority, and any other relevant topics.

9. Teresa Olivo
Corporate Claims Manager
Employee of Weeks Marine
Fact Witness: may testify regarding Plaintiff's alleged injuries and medical treatment for same, Plaintiff's longshore claim, including the authorization and payment of medical treatment, as well as the payment of longshore benefits, Weeks Marine's investigation of Plaintiff's claim for maintenance and cure, Plaintiff's claim for maintenance and cure, and any other relevant topics.

10. Other yet to be identified workers on the Belle Chasse Project in November 2022

11. John Theriot, Jonathan Stoltz, or Jason Schellhaas[1]
Malcolm Dienes, LLC, Certified Public Accountants
611 N. Causeway Blvd.
Metairie, LA 70001
An expert witness to provide testimony as a wage loss expert concerning the calculation of Plaintiff's economic wage loss, if any, as a result of the alleged injuries, and any other topics contained within their report.

12. Stacie Nunez, MHS, CRC, CLCP
Seyler Favaloro, Ltd.
1615 Poydras St., Suite 1040
New Orleans, LA 70112
An expert witness to provide testimony relating to Plaintiff's vocational rehabilitation, including but not limited to, vocational and earning capacity, lost earnings, cost of replacement labor and lost ability/time in performing household services, and any other topics contained within her report.

13. A duly authorized corporate representative(s) of Weeks Marine
c/o Jones Walker
Fact Witness: may testify regarding the facts concerning Plaintiff's alleged incident, Plaintiff's work as a shoreside employee, Plaintiff's work assignments, Plaintiff's work as a general fill placer, Plaintiff's work history and employment history with Weeks Marine, Weeks Marine's policies and procedures relating to

[1] It is anticipated that Mr. Theriot will testify at the trial of this matter. In the event of a conflict, Mr. Stoltz or Mr. Schelhaas may testify. Weeks Marine will provide notice to Plaintiff in advance of trial.

safety and safe working practices, Weeks Marine's training, Plaintiff's training, the payment of longshore benefits to Plaintiff, the authorization of medical treatment on behalf of Plaintiff pursuant to the LHWCA, the payment of medical expenses on behalf of Plaintiff pursuant to the LHWCA, Weeks Marine's maintenance and cure investigation, Plaintiff's claim for maintenance and cure, and any other relevant topics.

14. A duly authorized corporate representative(s) of Signal Mutual Indemnity Ass'n, Ltd. c/o Sage Adjusting, LLC
100 Century Parkway, Ste. 300
Mt. Laurel, NJ 08054
Fact Witness: may testify regarding the facts concerning Plaintiff's alleged incident, Plaintiff's longshore claim, including benefits paid and medical treatment, authorization for medical treatment, and any other relevant topics.

15. A duly authorized corporate representative(s) of Inland Dredging, LLC
Fact Witness: may testify regarding Plaintiff's employment with Inland Dredging, his job duties, his shoreside work, his safety training, his experience, and any other relevant topics related to Plaintiff's employment with Inland Dredging.

16. A duly authorized corporate representative(s) of any other prior employers of Plaintiff
Fact Witness: may testify regarding Plaintiff's employment with Inland Dredging, his job duties, his shoreside work, his safety training, his experience, and any other relevant topics related to Plaintiff's employment with Inland Dredging.

17. Dr. Scott Tucker
Jefferson Orthopedic Clinic
920 Avenue B
Marrero, Louisiana 70072

A board-certified orthopedic surgeon to provide fact and expert testimony concerning Plaintiff's alleged left shoulder and left knee injuries, including interpretation of all medical records and findings thereof, films and findings thereof, diagnostic imaging and findings thereof, nerve conduction studies and findings thereof, and any other testing and findings thereof relating to Plaintiff's alleged left shoulder and left knee issues, Dr. Tucker's treatment and diagnosis of Plaintiff's left shoulder and left knee injuries, the necessity of the surgery Dr. Tucker performed on Plaintiff's left shoulder, the work restrictions placed on Plaintiff and Plaintiff's ability to return to work, that Plaintiff has reached maximum medical improvement for his left knee and when Plaintiff reached maximum medical improvement for his left knee, causation of Plaintiff's left knee and left shoulder issues, that Dr. Tucker's physical examinations of Plaintiff during the course of his treatment revealed no pain in Plaintiff's cervical or lumbar spine, that Plaintiff did not report cervical or lumbar spine pain during the course of treatment, and any other topics relevant to and arising from Dr. Tucker's treatment of Plaintiff.

18. Dr. Suneil Jolly
Louisiana Pain Specialists
3434 Houma Blvd., #301
Metairie, LA 70006

A board-certified physician in pain management to provide fact and expert testimony concerning Plaintiff's alleged left shoulder and left knee injuries, including interpretation of all medical records and findings thereof, films and findings thereof, diagnostic imaging and findings thereof, nerve conduction studies and findings thereof, and any other testing and findings thereof relating to Plaintiff's alleged left shoulder and left knee issues, Dr. Jolly's treatment and diagnosis of Plaintiff's left shoulder and left knee injuries, the work restrictions placed on Plaintiff and Plaintiff's ability to return to work, causation of Plaintiff's left knee and left shoulder issues, that Dr. Jolly's physical examinations of Plaintiff during the course of his treatment revealed no pain in Plaintiff's cervical or lumbar spine, that Plaintiff did not report cervical or lumbar spine pain during the course of treatment, and any other topics relevant to and arising from Dr. Jolly's treatment of Plaintiff.

19. Dr. Erik Davis
Louisiana Pain Specialists
3434 Houma Blvd., #301
Metairie, LA 70006
A board-certified physician in physical medicine and rehabilitation and in pain management to provide fact and expert testimony concerning Plaintiff's alleged left shoulder and left knee injuries, including interpretation of all medical records and findings thereof, films and findings thereof, diagnostic imaging and findings thereof, nerve conduction studies and findings thereof, and any other testing and findings thereof relating to Plaintiff's alleged left shoulder and left knee issues, Dr. Davis' treatment and diagnosis of Plaintiff's left shoulder and left knee injuries, the work restrictions placed on Plaintiff and Plaintiff's ability to return to work, causation of Plaintiff's left knee and left shoulder issues, that Dr. Davis' physical examinations of Plaintiff during the course of his treatment revealed no pain in Plaintiff's cervical or lumbar spine, that Plaintiff did not report cervical or lumbar spine pain during the course of treatment, and any other topics relevant to and arising from Dr. Davis' treatment of Plaintiff.

20. Dr. Karim A. Meijer
Ochsner Sports Medicine Institute
1221 S. Clearview Pkwy
New Orleans, LA 70121

A board-certified, fellowship-trained orthopedic surgeon to provide fact and expert testimony concerning Plaintiff's alleged left shoulder and left knee injuries, including interpretation of all medical records and findings thereof, films and findings thereof, diagnostic imaging and findings thereof, nerve conduction studies and findings thereof, and any other testing and findings thereof relating to

Plaintiff's alleged left shoulder and left knee issues, Dr. Meijer's treatment and diagnosis of Plaintiff's left shoulder and left knee injuries, the necessity of the surgery Dr. Meijer performed on Plaintiff's left shoulder, the work restrictions placed on Plaintiff and Plaintiff's ability to return to work, when Plaintiff reached maximum medical improvement for his left shoulder, causation of Plaintiff's left knee and left shoulder issues, that Dr. Meijer's physical examinations of Plaintiff during the course of his treatment revealed no pain in Plaintiff's cervical or lumbar spine, that Plaintiff did not report cervical or lumbar spine pain during the course of treatment, and any other topics relevant to and arising from Dr. Meijer's treatment of Plaintiff.

21. Any and all other medical providers or health care providers to Plaintiff, including but not limited to:

a. Anderson-Kelly Associations, Inc.

b. Dr. Justin W. Seymour

c. HealthForce

d. Plaquemines Medical Center

e. Dr. Mohammad Naeem

f. Dr. Travis Phipps

g. ELMH Rehab Outpatient Services

h. Fyzical Therapy and Balance Centers

i. Christopher Mercadel, PAC

j. Brittany Dale Reynolds, PT, DPT, Cert. DN

k. Morgan Johnson

l. Advanced Surgery Center of Metairie, LLC

a. Louisiana Pain Specialists

b. Texas Orthopaedic Spine Center

c. Dr. Rubin S. Bashir

d. Dr. Omkar H. Dave

e. Ultimate Pain Solutions, PLLC

f. Dr. Basem Hamid

g. Diagnostic Imaging Services

22. A yet to be identified expert to perform a functional capacity evaluation of Plaintiff, if necessary;

23. Custodian of Records for Weeks Marine

24. Custodian of Records for Inland Dredging, LLC

25. Custodian of Records for any of Plaintiff's Prior Employers

26. Any and all fact and expert witnesses listed by Plaintiff, including any and all fact and expert witnesses listed by Plaintiff in the future;

27. Any witness identified through the course of discovery;

28. Any witness needed to authenticate any document, photo or video, including but not limited to any record custodian;

29. Any witness necessary for impeachment purposes;

30. Any witness necessary for rebuttal; and

31. Any expert to testify as to any issue disclosed by Plaintiff in this litigation.

Weeks Marine reserves the right to amend this Witness List as discovery progresses and/or as permitted.

## EXHIBIT LIST

Weeks Marine may utilize the following exhibits at trial:

1. Supervisor's Injury Report (WEEKS 1-2);

2. Employee Injury/Illness Report (WEEKS 3-4);

3. Photograph of Alleged D-Ring (WEEKS 5);

4. Post-Accident Alcohol Testing Records (WEEKS 6-7);

5. Plaintiff's Personnel File (WEEKS 8-86);

6. Dredging General Fill Placer Job Description (WEEKS 166-168);

7. Safety Meeting Sign-Ins and AHAs (WEEKS 141-165);

8. Weeks Marine's Employee Safety Handbook (WEEKS 174-203);

9. Weeks Marine's Code of Safe Practices (WEEKS 204-205);

10. Safety Training Records of Plaintiff (WEEKS 206-228);

11. Weeks Marine Safety Videos watched by Plaintiff, including not limited to WEEKS 229;

12. Plaintiff's W-2's from Weeks Marine (WEEKS 169-173);

13. Plaintiff's Income Tax Returns or Social Security Earnings Information;

14. Pre-Employment Physical Examination Records of Sanders;

15. Documents Relating to Plaintiff's LHWCA Claim, including but not limited to claims filed by Sanders and correspondence from the Office of Workers' Compensation (WEEKS 125-140);[2]

16. Records of Benefits Paid to Plaintiff as part of LHWCA Claim;

17. Records of Medical Expenses Paid on behalf of Plaintiff as part of LHWCA Claim;

18. Communications to or from Plaintiff re: his LHWCA Claim;

19. Correspondence to Sanders and/or his Counsel re: Maintenance and Cure and Seaman Status;

20. Certified medical records, therapy records, pharmacy records, medical reports, medical films, diagnostic and neurological imaging, including but not limited to MRIs, CT scans, X-rays, and nerve conductions studies, and all documentation regarding Plaintiff's past and future medical treatment including records from:

    a. Anderson-Kelly Associations, Inc.

    b. Dr. Justin W. Seymour

    c. HealthForce

    d. Plaquemines Medical Center

    e. Dr. Mohammad Naeem

    f. Dr. Travis Phipps

    g. ELMH Rehab Outpatient Services

[2] Weeks Marine will supplement with additional records received.

h. Fyzical Therapy and Balance Centers

i. Christopher Mercadel, PAC

j. Brittany Dale Reynolds, PT, DPT, Cert. DN

k. Morgan Johnson

l. Advanced Surgery Center of Metairie, LLC

h. Louisiana Pain Specialists

i. Texas Orthopaedic Spine Center

j. Dr. Rubin S. Bashir

k. Dr. Omkar H. Dave

l. Ultimate Pain Solutions, PLLC

m. Dr. Basem Hamid

n. Diagnostic Imaging Services

o. Any and all other medical records, therapy records, medical reports, medical films, and all documentation regarding Plaintiff's past and future medical treatment from any other medical provider.

21. Surveillance Footage and Photographs of Plaintiff, if any, for impeachment purposes only;

22. Any document produced in discovery by Plaintiff and all answers and/or responses to Interrogatories or Requests for Production;

23. Any documents obtained by subpoena *duces tecum* and/or letters rogatory issued in this matter;

24. Any other deposition videos, transcripts and exhibits attached thereto or any witness deposed in this matter;

25. Any other document relied upon by any expert in issuing a report or offering opinions;

26. Any medical records relied upon by any expert in issuing a report or offering opinions;

27. Any Exhibit listed or identified by Plaintiff in his Exhibit List;

28. Any demonstrative evidence that may be necessary, including photographs of the same or similar supply shack and D-Ring at issue; and

29. Any document for impeachment purposes.

Weeks Marine reserves the right to amend this Exhibit List as discovery progresses and/or as permitted.

Respectfully submitted,

*/s/ Jefferson R. Tillery*

JEFFERSON R. TILLERY (La. Bar No. 17831)
SARA B. KUEBEL (La. Bar No. 38305)
ABIGAIL J. WEILAND (La. Bar No. 40543)
JONES WALKER, LLP
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8616
Facsimile: (504) 589-8616
Email: jtillery@joneswalker.com
skuebel@joneswalker.com
aweiland@joneswalker.com

***Attorneys for Defendant, Weeks Marine, Inc.***