UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEDERO SANDERS,<br>*Plaintiff*<br><br>VERSUS<br><br>WEEKS MARINE, INC.,<br>*Defendant* | CIVIL ACTION NO. 2:23-CV-07317<br><br>SECTION: M; DIVISION: 1<br><br>JUDGE: ASHE<br><br>MAGISTRATE: DOSSIER |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND OPINIONS OF PLAINTIFF'S SAFETY EXPERT, ROBERT E. BORISON**

**MAY IT PLEASE THE COURT:**

Defendant, Weeks Marine, Inc. ("Weeks Marine") seeks an Order excluding the testimony and opinions of Robert E. Borison ("Borison"), a purported maritime liability expert, retained by Plaintiff, Pedero Sanders ("Plaintiff").[1]

Borison's improper opinions lack any factual foundation whatsoever, improperly invade the province of the jury, pertain to common-sense matters that need no expertise at all, and should and must be excluded from the jury trial of this matter. This alleged Jones Act[2] personal injury case involves straightforward liability issues regarding a trip and fall incident that occurred on land. Plaintiff has retained Borison to offer "expert" opinions with respect to an alleged tripping hazard and whether it should have been present. In rendering his improper opinion, however, Borison does not provide any scientific, technical or other specialized knowledge that would assist the jury in understanding the evidence or making fact determinations at the trial of this matter. Moreover, Borison's proffered opinions and proposed testimony clearly fall within the common knowledge and experience of the average juror. No expertise of any kind was utilized to render

[1] Exhibit A, Borison's Report.
[2] Weeks Marine denies that Plaintiff qualifies as a Jones Act seaman and reserves all arguments with respect to same for the trial of this matter.

these opinions. Accordingly, Borison's improper and unhelpful proposed testimony and opinions do not meet the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), and should, therefore, be excluded.

## BACKGROUND

### 1. Factual Background

This is a straightforward alleged Jones Act[3] personal injury case involving a trip and fall incident that occurred on land. Weeks Marine employed Plaintiff as part of its shoreside fill placer crew.[4] On November 8, 2022, Weeks Marine assigned Plaintiff to work on a dredging project located in the Belle Chasse, Louisiana area. Plaintiff claims that while he was walking out of a supply shack (basically a shipping container) located on land, he tripped on a D-ring or chain, causing him to fall into the mud and allegedly sustain injuries to his knee and shoulder. **It is undisputed that Plaintiff tripped and fell on land**.[5] For the Court's reference, below is a photograph of the alleged D-ring and chain that Plaintiff tripped over:[6]

[3] Weeks Marine denies that Plaintiff qualifies as a Jones Act seaman and reserves all arguments with respect to same for the trial of this matter.
[4] Plaintiff claims that he worked as a derrick operator. Weeks Marine denies that it assigned Plaintiff to work aboard a derrick barge in any permanent capacity. Plaintiff primarily worked on shore operating various equipment.
[5] Exhibit B, Deposition of Sanders, at p. 72:8-77:23.
[6] Exhibit B-8, Deposition of Sanders, Photograph of Shack and Ring. To avoid confusion, Weeks Marine will utilize the exhibit numbering used during Sanders' deposition.




Following his alleged incident, Sanders filed suit against Weeks Marine for: (1) Jones Act negligence; (2) unseaworthiness of the Dredge JS CHATRY; and (3) maintenance and cure.[7] A jury trial is scheduled to begin November 18, 2024.[8]

### 2. Borison's "Expert" Report

In connection with his claims, Plaintiff retained Robert E. Borison ("Borison") as a purported marine safety expert. Borison issued a report misdated July 21, 2022.[9] In his report, Borison provides a general overview of his qualifications and then lists the various documents and alleged evidence he reviewed in forming his opinions.[10] Borison then provides a general overview

[7] *See* R. Doc. 1.
[8] R. Doc. 18, at p. 4.
[9] Exhibit A, Borison's Report, at p. 1.
[10] Exhibit A, Borison's Report, at pp. 2-5.

of Plaintiff's incident, which merely echoes Plaintiff's Complaint.[11] Thereafter, Borison offers his "Assessment/Opinions" which does nothing more than provide common-sense and improper opinions that invade the province of the jury:[12]

**OPINION NO. 1**

**EQUIPMENT PROBLEM**

**WEEKS MARINE, INC. FAILED TO PROVIDE MR. SANDERS WITH A SAFE VESSEL UPON WHICH TO WORK BY FAILING TO REMOVE THE SHACKLE AND "D" FROM THE SHACK'S SKID.** Based on my education, training, and experience, I believe that the supervisors of Weeks Marine failed to remove the two shackles, the "D" ring and LOK-A-LOY connecting chain link, from the supply shack's skid after setting it up for service. The two shackles, the "D" ring and LOK-A-LOY connecting chain link served no purpose and created a tripping hazard at the entrance to the supply shack.



Borison's report then goes on to cite various "industry standards of care" and includes citation to irrelevant deposition testimony from _other_ cases.

Quite simply, Borison's report contains absolutely no scientific or specialized opinions. Rather, Borison simply parrots and recites Plaintiff's Complaint to generally conclude that Weeks Marine failed to remove shackles and, therefore, "failed to provide Mr. Sanders with a safe

[11] *Compare* Exhibit A, Borison's Report at pp. 5-6 *with* R. Doc. 1, at p. 2, ¶ 6.
[12] Exhibit A, Borison's Report, at p. 6.

vessel."[13] There is nothing inherently scientific, specialized or technical about Borison's opinions. Borison's purported "expert opinions" are based on easily-understood and common-sense principles that fall within the common knowledge and experience of the average juror. There is nothing complicated nor unique about a trip and fall on land walking out of a supply shack. Any average lay juror will understand Plaintiff's straightforward accident and can consider what could or should have been done differently to purportedly prevent Plaintiff's alleged injury. Borison's proposed "expert" testimony is not necessary at all and should be excluded from trial.

## LAW AND ARGUMENT

### I. *Daubert* Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of proffered expert testimony. Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 588 (1993); *United States v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006).

"The Supreme Court's landmark case of *Daubert* … provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002) (citing *Daubert*, 509 U.S. 579). The Court acts as a gate-keeper and conducts a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal*

[13] It is also inconceivable how Weeks Marine failed to provide a safe vessel when Plaintiff's injury indisputably occurred on land and not aboard any vessel at all.

*Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).When the admissibility of expert testimony is challenged under *Daubert*, the proponent of the evidence bears the burden of proving that the testimony is both relevant and reliable. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Mathis v. Exxon Corp.*, 302 F.3d 448, 460–61 (5th Cir. 2002) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). Here, Plaintiff bears the burden of establishing both relevancy and reliability.

"[F]or expert opinion to be admissible, the expert must be qualified and his opinion must assist the trier of fact to understand the evidence or determine a fact at issue." *Maddox v. Rockin D Marine Servs., LLC*, No. 15-6985, 2017 U.S. Dist. LEXIS 59, at *3 (E.D. La. 2017) (Vance, J.). In other words, expert testimony must, fundamentally, assist the jury in understanding the evidence. "Expert testimony is superfluous if the facts can be accurately and intelligently described to the jury, and the jury is as capable of comprehending them and drawing conclusions from them as purportedly specialized experts." *Id.* (citing *Salem v. United States Lines Co.*, 370 U.S. 31, 36 (1962)). In fulfilling its gate-keeping role, the trial court need not take the expert's word for it. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 147 (1997). Instead, when expert testimony is demonstrated to be speculative and lacking in scientific validity, trial courts are encouraged to exclude it. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 279 (5th Cir. 1998).

Indeed, the Fifth Circuit has recognized that a fact is not so simply because "an expert says it is so." *See Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 421 (5th Cir. 1987). When the expert brings to court little more than his "credentials and a subjective opinion," this is not evidence that would support a judgment. *Viterbo*, 826 F.2d at 421-422; *see also Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319 (7th Cir. 1996) ("[A]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process."); *Turpin v. Merrell Dow Pharmaceuticals., Inc.*, 959 F.2d

1349, 1360 (6th Cir. 1992) (holding evidence legally insufficient in *Bendectin* case when no understandable scientific basis was stated).

**1. Borison's opinions are not helpful, are unnecessary, and should be excluded from the jury trial of this matter.**

Courts consistently exclude expert testimony on issues based on common sense and ordinary experience and/or knowledge. *See, e.g., Howard v. Cal Dive Int'l, Inc.*, No. 09-6265, 2011 U.S. Dist. LEXIS 3496, at *8 (E.D. La. Jan. 5, 2011) (Zainey, J.); *McDowell v. Atl. Sounding Co.*, C.A. No. 11-1879, 2012 U.S. Dist. LEXIS 65463, at *7 (E.D. La. May 10, 2012) (Morgan, J.); *Jones v. H.W.C. Ltd.*, No. 01-3818, 2003 U.S. Dist. LEXIS 449, at *3 (E.D. La. Jan. 3, 2003) (Vance, J.); *Thomas v. Global Explorer, LLC*, No. 02-1060, 2003 U.S. Dist. LEXIS 3365 (E.D. La. Mar. 3, 2003) (Vance, J.); *Mang v. Parker Drilling Offshore, L.L.C.*, C.A. No. 99-3361, 2001 U.S. Dist. LEXIS 2221 (E.D. La. Feb. 22, 2001) (Clement, J.); *Lee v. Offshore Logistical & Transp., LLC*, No. 15-2528, 2017 U.S. Dist. LEXIS 208187, at *11 (E.D. La. Dec. 19, 2017) (Morgan, J.). Indeed, Borison himself has been excluded as an expert multiple times on this basis. *Roy v. Fla. Marine Transporters, Inc.*, No. 03-1195, 2004 U.S. Dist. LEXIS 4390 (E.D. La. Mar. 18, 2004) (Vance, J.) (excluding Borison's testimony regarding absence of a non-skid material on a vessel's deck, because such testimony would not assist the trier of fact); *Tercero v. Oceaneering Int'l, Inc.*, C.A. No. 17-7438, 2018 U.S. Dist. LEXIS 91031, at *5–6 (E.D. La. May 24, 2018) (excluding Borison's opinions and testimony because no expert testimony was needed with respect to a plaintiff losing his balance while using a step stool).

Borison's opinions and proposed testimony relating to an alleged tripping hazard – *i.e.* a chain and/or shackle outside of a supply shack – do not assist the trier of fact. Rather, his purported opinions relate to simple issues that can be resolved through common sense and ordinary understanding. *See Hopkins v. Murphy Expl. & Prod. Co., USA.*, No. 11-2968, 2012 U.S. Dist.

LEXIS 142447, at *6 (E.D. La. Oct. 2, 2012) (Zainey, J.); *Paes v. Rowan Cos.*, No. 12-1069, 2013 U.S. Dist. LEXIS 26809, at *11 (E.D. La. Feb. 26, 2013). Borison's opinions ultimately relate to whether a shackle or D-ring on the ground present a tripping hazard to a worker on land. Borison's opinions do not relate to anything specialized or technical and have nothing to do with complex maritime activities or equipment. Instead, Borison simply opines that the shackles and a D-ring should have been removed and they constituted a tripping hazard. There is absolutely nothing scientifical or specialized about this potential tripping hazard on dry land. Borison's proposed testimony and opinions are clearly common sense. Stated another way, an average juror does not need "expert" testimony from Borison to decide whether the shackles and D-ring created an unreasonable tripping hazard. "No expertise of any kind was required or used to render [Borison's] opinions." *Jones v. H.W.C. Ltd.*, No. 01-3818, 2003 U.S. Dist. LEXIS 49, at p. *7-8 (E.D. La. Jan. 3, 2003) (Vance, J.). *See also Matherne v. MISR Shipping Co.*, No. 88-2261, 1991 U.S. Dist. LEXIS 7723, at *1 (E.D. La. May 31, 1991) (excluding expert testimony because proposed opinions would not assist the jury in reaching a decision in a routine "fall on a vessel" case); *Dean v. Seacor Marine Payroll Mgmt., L.L.C.*, No. 21-1177, 2023 U.S. Dist. LEXIS 235375, at *8 (E.D. La. Nov. 7, 2023) (excluding Borison from trial because his proffered testimony with respect to a slip and fall in a vessel's galley concerned common sense issues).

Moreover, Borison's aforementioned opinions merely "consists of [his] appreciation of the facts," as well as his "conclusion as to what the law is or ought to be, as far as fixing responsibility for the accident." *Williams v. Eckstein Marine Servs., Inc.*, No. 91-1841, 1992 U.S. Dist. LEXIS 18789, at *1 (E.D. La. Dec. 9, 1992). His testimony "will not bring to the jury anything more than the lawyers can offer in argument" and, as such, his opinions should be excluded. *In re Midland Enters.*, No. 00-3750, 2002 U.S. Dist. LEXIS 23851, at *10 (E.D. La. Dec. 11, 2002) (Africk, J.)

(granting a motion *in limine* to exclude certain expert testimony, because, in part, the proposed testimony was "at most a parroting of other testimony and speculative at best.").

Borison's testimony does not assist the trier of fact and he should be precluded from testifying at the trial of this matter.

**2. Borison's opinions with respect to failing to provide a safe vessel or safe workplace are improper.**

In addition to his common-sense conclusions, Borison opines that Weeks Marine "failed to provide Mr. Sanders with a safe vessel upon which to work." Ignoring the fact that Plaintiff's alleged injury occurred on land and not upon any vessel, any opinion by Borison that Weeks Marine failed to provide a safe vessel upon which to work or failed to provide a safe place to work is simply improper.

These "opinions" amount to legal conclusions that "invade the province" of the jury and should be excluded from trial by this Court. *See Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Snap-Drape, Inc. v. Commissioner*, 98 F.3d 194, 198 (5th Cir. 1996); *see also King v. RC Offshore, L.L.C.*, No. 14-2404, 2016 U.S. Dist. LEXIS 20046, at *4 (E.D. La. Feb. 12 2016) (excluding proposed testimony of expert relating to the cause of an incident, as such opinions fell squarely within the jury's province); *Beech v. Adriatic Marine, LLC,* No. 20-1178, 2021 U.S. Dist. LEXIS 1416, at *15 (E.D. La. Jan. 5, 2021) (holding same). Indeed, district courts frequently exclude expert testimony that purports to tell the jury: "(1) the cause (and whose fault) of the incident, (2) the [d]efendant was negligent, and (3) the [p]laintiff's own alleged negligence did not contribute." *King v. RC Offshore, L.L.C.*, No. 14-2404, 2016 U.S. Dist. LEXIS 20046, at *4 (E.D. La. Feb. 12 2016). *See also Beech v. Adriatic Marine, LLC*, No. 20-1178, 2021 U.S. Dist. LEXIS 1416, at *15 (E.D. La. Jan. 5, 2021) (granting a motion *in limine* and excluding testimony of an

expert that made a "sweeping conclusion" that the "cause of the incident was the failure of the defendant to provide . . . a safe place of employment.").

Accordingly, Borison's opinions relating to fault or that Weeks Marine "did not provide a safe workplace" should be stricken, and Borison should not be permitted to offer them at trial. *See, e.g., Jacobs v. N. King Shipping Co.*, No. 97-772, 1998 U.S. Dist. LEXIS 721, at *2 (E.D. La. Jan. 23, 1998) (Duval, J.) (stating that "blanket legal conclusions" such as whether conduct was negligent "are an inappropriate subject for expert testimony"); *see also Richardson v. SEACOR Lifeboats, LLC*, No. 14-1712, 2015 U.S. Dist. LEXIS 61251, at *3 (E.D. La. May 11, 2015) (Morgan, J.) (cautioning plaintiff against offering expert testimony about "the legal cause of the accident because [it is a] legal conclusion[] for the fact finder to make").

## CONCLUSION

For the aforementioned reasons, Borison's opinions should be excluded from the trial of this matter, and he should be prohibited from offering any testimony and opinions at trial. Borison's "expert" opinions provide common-sense conclusions that will not assist the jury at trial. Moreover, his opinions and testimony are improper and invade the province of the jury. As such, his opinions fail the tests outlined by Federal Rule of Evidence 702 and *Daubert*. Weeks Marine respectfully requests that this Honorable Court grant its Motion *in Limine* and preclude Robert E. Borison from testifying at the jury trial of this matter.

Respectfully submitted,

*/s/ Jefferson R. Tillery*

JEFFERSON R. TILLERY (La. Bar No. 17831)
SARA B. KUEBEL (La. Bar No. 38305)
ABIGAIL J. WEILAND (La. Bar No. 40543)
JONES WALKER, LLP
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8616
Facsimile: (504) 589-8616
Email: jtillery@joneswalker.com
skuebel@joneswalker.com
aweiland@joneswalker.com

***Attorneys for Defendant, Weeks Marine, Inc.***