UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEDERO SANDERS                                          CIVIL ACTION

VERSUS                                                         NO. 23-7317

WEEKS MARINE, INC.                                     SECTION M (3)

**ORDER & REASONS**

Before the Court is the motion of defendant Weeks Marine, Inc. ("Weeks Marine") to strike portions of plaintiff's deposition errata sheet.[1] Plaintiff Pedero Sanders responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

This is a personal injury case. Sanders alleges that he was injured in the course of his work as a Jones Act seaman and employee of Weeks Marine when he tripped over D-rings that were supposed to be buried underground but were not.[3] Sanders brought this action against Weeks Marine alleging claims for Jones Act negligence, unseaworthiness, and maintenance and cure.[4]

Sanders was deposed on August 8, 2024.[5] The deposition transcript includes the following exchanges regarding Sanders's participation in certain recreational activities:

Q. Before your accident, when was the last time you had fished?
A. It had been a while.
Q. Since your accident, have you gone fishing at all?
A. No, ma'am.

…

---

[1] R. Doc. 41.
[2] R. Doc. 43.
[3] R. Doc. 1 at 1-2.
[4] *Id.* at 2. Sanders's claim for unseaworthiness has since been dismissed with prejudice. R. Doc. 39.
[5] R. Doc. 41-2 at 1.

> Q. Before your accident, when was the last time you had driven a four-wheeler?
>
> A. I'm not sure.
>
> Q. You haven't driven a four-wheeler since your accident?
>
> A. No.
>
> …
>
> Q. Before your accident, when was the last time you had gone shooting?
>
> A. It had been a while.
>
> Q. You haven't been shooting since your accident?
>
> A. No.[6]

After receiving and reviewing the transcript of his August 8 deposition, Sanders submitted an errata sheet to the court reporter,[7] altering the excerpted portions of the transcript as follows:

> Q. Before your accident, when was the last time you had fished?
>
> A. *I don't recall.*
>
> Q. Since your accident, have you gone fishing at all?
>
> A. *I've tried; it's just not the same due to the pain.*
>
> …
>
> Q. Before your accident, when was the last time you had driven a four-wheeler?
>
> A. I'm not sure.
>
> Q. You haven't driven a four-wheeler since your accident?
>
> A. *I've tried; it's just not the same due to the pain.*
>
> …
>
> Q. Before your accident, when was the last time you had gone shooting?
>
> A. *I don't recall.*
>
> Q. You haven't been shooting since your accident?
>
> A. *I've tried; it's just not the same due to the pain.*[8]

Sanders's stated reason for each of these changes is "clarification/misspoke."[9]

---

[6] *Id.* at 8-10.
[7] R. Doc. 41-3.
[8] *See* R. Docs. 41-2 at 8-10; 41-3 at 4 (italicized text represents changes); *see also* R. Doc. 41-1 at 3-4.
[9] R. Doc. 41-3 at 4 (correcting misspelling of "clarification").

2

In the instant motion, Weeks Marine contends that Sanders's changes impermissibly "attempt to substantively change his testimony from stating under oath that he has not participated in a certain activity since his alleged accident to that he has 'tried' but cannot due to his alleged injuries."[10] Weeks Marine first argues that "[t]he Fifth Circuit requires strict compliance with the requirements of Rule 30(e)" of the Federal Rules of Civil Procedure,[11] which provides in part that, "if there are changes in form or substance, [the deponent must] sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). Weeks Marine contends that Sanders "has failed to articulate valid and acceptable reasons for these proposed substantive changes."[12] Weeks Marine also argues that, while the Fifth Circuit has not ruled on "the scope of permissible changes" under Rule 30(e), a trial court in this district held in a 1999 case "that a party may not make substantial changes in deposition testimony at a later date."[13] Weeks Marine finally contends that permitting Sanders to alter his testimony via the errata sheet is inappropriate because it would treat his deposition as an interrogatory.[14]

In opposition, Sanders argues that Weeks Marine was "incorrect" in stating that the Fifth Circuit has not addressed the issue.[15] Sanders contends that "[t]he majority opinion amongst the Fifth Circuit remains that changes to both form and substance of deposition transcript testimony are permitted"[16] and that "[e]ven contradictory changes are allowed."[17] Sanders further argues that he complied with the requirements of Rule 30(e) by timely submitting his changes, stating his

---

[10] R. Doc. 41-1 at 4.
[11] *Id.* at 4-5.
[12] *Id.* at 4.
[13] *Id.* at 5 (citing *Walker v. Yellow Freight Sys., Inc.*, 1999 WL 955364, at *6-7 (E.D. La. Oct. 19, 1999)).
[14] *Id.* at 6.
[15] R. Doc. 43 at 2.
[16] *Id.* (citing *Fults v. McNamara*, 2023 WL 4167043, at *2 (W.D. Tex. June 23, 2023) (interpreting an observation in *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470 (5th Cir. 2012), as "suggest[ing] [that] the Fifth Circuit endorses the majority interpretation of Rule 30(e), allowing substantive changes by errata sheet to a deposition transcript.")).
[17] *Id.* at 3.

reasons for those changes, and signing the errata sheet.[18] Sanders contends that the changes made to his deposition testimony "are neither substantial or substantive" but "simply … related to his hobbies and ability to perform same after the incident."[19] Finally, Sanders argues that "the appropriate remedy related to [his] errata sheet changes will be available to [Weeks Marine] at trial in November, when it will have the opportunity to cross-examine [him] on this exact testimony if it so chooses."[20]

> Rule 30(e)(1) of the Federal Rules of Civil Procedure states:
>
> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e). As to the scope of "changes in form or substance" permitted, there are "two differing approaches applied by circuit courts and federal district courts." *Fults*, 2023 WL 4167043, at *2 (citing *Benavidez v. Oil Patch Grp., Inc.*, 2022 WL 2912592, at *1-2 (W.D. Tex. Mar. 11, 2022)). The majority approach "permits deponents to make any – substantive or corrective – changes, even if the changes are contradictory to the original answer or lack a convincing explanation." *Id.* (citing *Summerhouse v. HCA Health Servs. of Kan.*, 216 F.R.D. 502, 504 (D. Kan. 2003)). A minority of federal courts take a narrower approach, "which disallows substantive changes to deposition testimony." *Id.* at *3. The minority view is represented by *Greenway v. International Paper Co.*, in which a district court held as follows:

> Rule [30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all

---

[18] *Id.*
[19] *Id.*
[20] *Id.*

4

> then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

144 F.R.D. 322, 325 (W.D. La. 1992) (limiting corrections to substantive errors in transcription by the court reporter). "The Fifth Circuit has not explicitly endorsed either approach." *Fults*, 2023 WL 4167043, at *2. However, in a 2012 decision, without ultimately reaching the issue of the scope of changes permitted by Rule 30(e), the Fifth Circuit noted that it did "not necessarily disagree" that a deponent "was entitled to submit an errata sheet and make substantive changes to her deposition under Federal Rule of Civil Procedure 30(e)." *Gonzalez,* 689 F.3d at 480.

In the wake of *Gonzalez*, other district courts in the Fifth Circuit have adopted the broad "majority interpretation of Rule 30(e), allowing substantive changes by errata sheet to a deposition transcript," *Fults*, 2023 WL 4167043, at *2,[21] and this Court follows suit. As such, the Court will not strike the portions of the errata sheet that Weeks Marine contends make substantive changes to Sanders's deposition testimony.

Nonetheless, Weeks Marine is not without recourse. As Sanders concedes, "the appropriate remedy is not to strike [the] errata sheet changes, but rather [to] keep both the original transcript and changes and [for Weeks Marine to] be permitted to cross-examine or impeach the deponent with the same."[22] As a leading commentary observes:

> The witness who changes his or her testimony on a material matter between the giving of the deposition and appearance at the trial may be impeached by the former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons for changing the testimony. There is no apparent reason why the witness who has a change of mind between the giving of the deposition and its transcription should be treated differently.

---

[21] *See also Weeks v. Nationwide Mut. Ins. Co.*, 2023 WL 2021823, at *1 (S.D. Tex. Feb. 15, 2023) (collecting cases); *Becnel v. Lamorak Ins. Co.*, 2021 WL 5961311, at *4 (E.D. La. Dec. 16, 2021).

[22] R. Doc. 43 at 3 (citing *Est. of Duckett v. Cable News Network LLLP*, 2010 WL 11508194 (M.D. Fla. May 14, 2010); *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398 (N.D. Ill. 1993); *Legier & Materne v. Great Plains Software, Inc.*, 2005 WL 1400398 (E.D. La. June 2, 2005)).

8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2118, at 604 (3d ed. 2024); *see also Weeks*, 2023 WL 2021823, at *1 ("Weeks's original testimony remains in the record along with the errata sheet [and he] can be examined and cross-examined on both the original and the changed answers at trial." (internal citations omitted)); *Legier & Materne,* 2005 WL 1400398, at *2 ("'Moreover … the original answers to the deposition would remain as a part of the record and could be read at trial because nothing in the rule provided for the original answers to be stricken and policy considerations supported such a finding.'" (quoting *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*, 171 F.R.D. 203, 205 (W.D. Tex. 1997))). In this way, the majority approach followed here relies on the availability of such safeguards against the abuse of Rule 30(e). *See, e.g., Lugtig v. Thomas*, 89 F.R.D. 639, 642 (N.D. Ill. 1981) ("The Rule is less likely to be abused if the deponent knows that all the circumstances the original answers as well as the changes and the reasons will be subject to examination by the trier of fact."). Thus, neither Sanders's changes to his deposition testimony nor the corresponding portions of the original transcript will be stricken, they will remain a part of the case record, and Weeks Marine will be free to use both to cross-examine Sanders at trial.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion to strike portions of plaintiff's errata sheet (R. Doc. 41) is DENIED.

New Orleans, Louisiana, this 31st day of October, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE